UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ASSOCIATION FOR DISABLED
AMERICANS, INC., et al.,

    Plaintiffs,

vs.

CASE NO. 98-917-CIV-HOEVELER

PUBLIX SUPER MARKETS, INC.,

    Defendant.



## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND CONSENT DECREE

TO: ALL PERSONS IN FLORIDA, GEORGIA, ALABAMA, SOUTH CAROLINA, AND TENNESSEE WITH MOBILITY, DEXTERITY, HEARING, AND/OR VISUAL DISABILITIES AS DEFINED BY THE AMERICANS WITH DISABILITIES ACT (THE "ADA") WHO MAY BE ENTITLED TO ASSERT A CLAIM UNDER TITLE III OF THE ADA AGAINST PUBLIX SUPER MARKETS, INC. FOR THE DENIAL OF ACCESS TO AND FOR THE BENEFIT OF THE SERVICES, PROGRAMS AND ACTIVITIES OF, THE BUILDINGS AND FACILITIES OF PUBLIX SUPER MARKETS AT ANY TIME SINCE JANUARY 26, 1992.

### READ THIS NOTICE CAREFULLY; YOUR RIGHTS MAY BE AFFECTED.
### PURPOSE OF THIS NOTICE

    You are or may be a member of the class on whose behalf certain claims are being asserted in the above-captioned civil action now pending in the United States District Court, Southern District of Florida, Miami Division. The purpose of this Notice is to advise you of the pendency of such action; of a proposed settlement of that action and of a hearing to consider the settlement to be held on May 22, 2005 at 301 North Miami Avenue, Miami, Florida 33128, before Judge William Hoeveler in Courtroom 9.

MI-169932 v1 0437305-0501

## DESCRIPTION OF THE LITIGATION

The complaint brought by Plaintiffs in this action seeks injunctive relief against Publix Super Markets for alleged violations of Title III of the Americans with Disabilities Act, regarding all Publix Super Markets stores in Florida, Georgia, Alabama, South Carolina, and Tennessee. Plaintiffs contend that they and the members of the class, which includes individuals with mobility, dexterity, hearing, and/or visual disabilities as defined by the Americans with Disabilities Act or under certain state or local laws regarding accessibility, have been discriminated against by Publix Super Markets by denying them access to, and for an equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by the Americans with Disabilities Act, and by failing to remove architectural barriers as required by Title III of the Americans with Disabilities Act. Plaintiffs allege that the Defendant's conduct violated Title III of the Americans with Disabilities Act and various federal regulations designed to implement the requirements of the Americans with Disabilities Act.

Publix Super Markets has denied and continues to deny any liability to Plaintiffs for the Settlement Class, and Publix has denied and continues to deny that it has violated any laws pertaining to access for persons with disabilities at any of the Publix Super Markets or otherwise. Publix has raised a number of affirmative defenses including that the measures taken by Publix Super Markets under the ADA provide reasonable accommodations to the Plaintiffs and the Settlement Class, that the Plaintiffs failed to provide adequate notice or exhaust their appropriate state remedies, that Publix Super Markets is not liable for ADA compliance on properties where it has no ownership interest nor any control over the properties, and that the Plaintiffs have otherwise failed to state a claim upon which injunctive relief can be granted against Publix Super Markets.

The parties to this litigation, after good faith negotiation, have determined that this litigation should be resolved and dismissed with prejudice through a comprehensive Consent Decree, the terms of which are summarized in this Notice.

## THE SETTLEMENT CLASS

Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court has certified a Settlement Class for purpose of the equitable relief provided for in the proposed Consent Decree, including the initiation and completion, within certain specified time frames, of Accessibility Enhancements as described in the various exhibits to the complete Consent Decree.

The Settlement Class is defined as follows:

All persons with mobility, dexterity, hearing, and/or visual disabilities as defined by the Americans with Disabilities Act or under certain state or local laws regarding accessibility within

2

the Geographic Area, who could assert a claim under Title III of the Americans with Disabilities Act and/or state or local laws in the Geographic Area regarding accessibility against Publix Super Markets. The Geographic Area includes the states of Florida, Georgia, Alabama, South Carolina, and Tennessee.

If you are included in the Settlement Class as defined above, the proposed settlement may affect your rights. Additionally, you may be entitled to receive the benefits of the proposed Consent Decree.

## DESCRIPTION OF THE SETTLEMENT

The Plaintiffs in the above-captioned civil action, through their attorneys, on their own behalf and on behalf of all persons they represent, have made an investigation of the facts and circumstances underlying the issues raised in the above-captioned civil action and the applicable law. They and Publix Super Markets commenced negotiations in 1998 regarding disability access at Publix Super Markets in all areas where Publix engages in business. The parties, Defendant's counsel and Plaintiffs' counsel ("Class Counsel") have agreed to include all Publix Super Markets in Florida, Georgia, Alabama, South Carolina, and Tennessee in the proposed Consent Decree.

Throughout the pendency of this action, the parties, defense counsel and Class Counsel have negotiated in good faith concerning accessibility issues at all Publix Super Markets, and the Consent Decree is a result of those negotiations. Plaintiffs and Publix Super Markets have concluded that further conduct of the above-captioned civil action will be protracted and that no party can have an assurance of success. Accordingly, they have determined that it is in the best interest of the parties to settle and terminate the above captioned civil action. The parties have agreed to the proposed Consent Decree described in this notice, subject to the approval of the court.

The Plaintiffs in this litigation recognize that Publix Super Markets has cooperated fully and demonstrated a strong commitment to provide equal access to Publix Super Markets stores for persons with disabilities. All parties to the Consent Decree believe that the further refinement by Publix Super Markets of its existing remodeling program as set forth in the Consent Decree will enhance access for persons with disabilities and further compliance with the Americans with Disabilities Act, and other applicable state and local accessibility statutes.

This notice is directed to you because you may be a member of the class on whose behalf this suit is pending. The United States District Court for the Southern District of Florida, Miami Division, has not passed on any contentions of the parties as to the merits, and therefore no implications regarding the merits of the litigation should be drawn from the issuance of this notice.

The terms and conditions of the Consent Decree are summarized in this notice. The complete Consent Decree, including exhibits, is on file at the office of the Clerk of the United States District Court, for the Southern District of Florida, Miami Division, **301 North Miami Avenue, Miami Dade County, Florida 33128**. The Consent Decree may be examined and copied during regular office hours.

In summary, the proposed Consent Decree provides for the following:

1. Plaintiffs and Class Counsel acknowledge that compliance with the Consent Decree will provide accessibility and encompasses Publix Super Markets' compliance with any federal and state statutory, administrative, regulatory or common law relating to accessibility for persons with disabilities to the full satisfaction of the Settlement Class.

2. Publix Super Markets will initiate and complete certain Accessibility Enhancements as described in various exhibits to the complete Consent Decree within certain specified time frames, ranging from 24 months to 60 months following final approval of the Consent Decree. All alterations made to Publix Super Markets will comply with the requirements of the Americans with Disabilities Act and appropriate federal regulations passed to implement the requirements of the ADA and all other applicable state and local accessibility requirements. In order to ensure compliance by Publix Super Markets with the schedule of Accessibility Enhancements, Publix Super Markets and Class Counsel will conduct surveys and inspections of Publix Super Markets throughout the Geographic Area, in accordance with specified time frames and provisions set forth in the complete Consent Decree and exhibits thereto. There are also provisions for resolving any future disputes between Plaintiff or Class Counsel and Publix Super Markets regarding the Consent Decree or its implementations as outlined in the complete Consent Decree and the exhibits thereto.

3. Publix Super Markets shall pay Class Counsel an amount not greater than $160,000.00 on or before thirty (30) days after Final Approval of the Consent Decree by the court, if not appealed from. In the event of an appeal, such payment will be made within thirty (30) days after a final appellate determination approving the Consent Decree. The Consent Decree also provides for a total payment, over the six year term of the Consent Decree, of $100,000.00 by Publix Super Markets to Class Counsel and Plaintiffs' Expert for reasonable attorney's fees, litigation expenses, including expert fees, and costs, incurred by Class Counsel and the Plaintiffs' Expert for their respective obligations under the Consent Decree after the date of the Final Approval. There are further provisions in the Consent Decree for the payment by Publix Super Markets of certain limited inspection costs by Class Counsel and any experts.

## BINDING EFFECT -- RELEASE OF DEFENDANT AND INJUNCTION

Approval by the Court of the proposed Consent Decree, and the Consent Decree becoming effective, will result in the dismissal of the above captioned civil litigation on the

4

merits and with prejudice as to the Plaintiffs and members of the class. This shall constitute a release by Plaintiffs and all class members, of all claims under Title III of the Americans with Disabilities Act and state and local laws in the Geographic Area regarding accessibility, arising out of or related to the matters, transactions, events, facts, circumstances, and occurrences set forth in the pleadings of the Plaintiffs in the above-captioned civil litigation against the Defendant, Publix Super Markets, Inc. identified above, its predecessors, successors, subsidiaries, affiliates, heirs, assigns, and present or former officers, directors, employees and agents.

Approval by the court of the proposed Consent Decree will also result in the issuance of an injunction permanently barring and enjoining all class members, their officers, agents, employees and attorneys, and all persons in active concert or participation with them who receive actual or constructive notice of the injunction from instituting or continuing to prosecute in this or any other jurisdiction, any individual or class claims against Publix Super Markets, Inc., its predecessors, successors, subsidiaries, affiliates, heirs, assigns, and present or former officers, directors, employees and agents, which have been or might have been asserted in this action, including, but not limited to, all claims under Title III of the Americans with Disabilities Act and any state and local laws regarding accessibility, arising out of or related to the matters, transactions, facts, circumstances, occurrences, and events alleged by Plaintiffs in the above-captioned civil litigation.

### RIGHT TO OBJECT

If you believe that the proposed Consent Decree should not be finally approved by the Court for any reason, you may submit an objection to the proposed Settlement.

ANY SUCH OBJECTION MUST BE RECEIVED BY THE CLERK OF THE COURT AND SERVED ON ATTORNEYS FOR THE CLASS, AT ALL THE ADDRESSES SET OUT BELOW, ON OR BEFORE June 8, 2005. Any objection to the Consent Decree must begin with the following statement:

> "I object to the proposed Consent Decree in the *Association for Disabled for Americans, Inc. et al. v. Publix Super Markets*, Case Number 98-917-CIV-HOEVELER, United States District Court, Southern District of Florida, Miami Division."

All objections must state the objector's name and address and all grounds for the objection in writing. Objections should be sent to: Clerk of the Court, United States District Court, Southern District of Florida, Miami Division, 301 N. Miami Avenue, Miami, Florida 33128" and if mailed, must be posted in time to be received by June 8, 2005.

5

**All objections must also be timely mailed to:**

| | |
|---|---|
| William N. Charouhis, Esq.<br>Law Offices of William N. Charouhis<br>201 S. Biscayne Boulevard, 28th Floor<br>Miami, Florida 33131 | Stanley H. Wakshlag, Esq.<br>Akerman Senterfitt & Eidson, P.A.<br>1 S.E. 3rd Avenue<br>28th Floor<br>Miami, Florida 33131-1714 |
| Carol C. Lumpkin, Esq.<br>Kirkpatrick & Lockhart Nicholson Graham<br>20th Floor<br>201 S. Biscayne Boulevard<br>Miami, Florida 33131 | John A. Attaway, Jr., Esq.<br>General Counsel<br>Publix Super Markets, Inc.<br>P.O. Box 407<br>Lakeland, Florida 33802-0407 |

### THE COURT HEARING

**The proposed Consent Decree must be finally approved by the Court.**

On 7/22/05 at 11:00 AM in Courtroom 9th Floor at 301 N. Miami Avenue, Miami, Florida, a hearing will be held on whether the proposed Consent Decree should be approved as fair, reasonable and adequate.

If you file a timely written objection you may appear at the hearing, in person or through an attorney retained at your own expense. **If you wish to appear at the hearing to object to the Consent Decree, you must notify the court and counsel in writing of your intention to do so,** with your written objection filed as described above. If you do not file a written objection, you will not be heard by the court. **DO NOT CALL OR PERSONALLY CONTACT THE COURT OR PUBLIX SUPER MARKETS ABOUT THE MATTERS SET FORTH IN THIS NOTICE.**

Any written objections to the Settlement and notices of intent to appear at the hearing must be received by the Clerk of the Court on or before June 8, 2005.

### IF THE CONSENT DECREE IS NOT APPROVED

If the Consent Decree is not approved by the Court, the conditional settlement will be voided and the case will proceed to trial. If that happens, there is no assurance: (a) that any decision at trial would be in favor of class members; (b) that a favorable trial decision, if any, would be as favorable to the class members as this settlement; or (c) that any such favorable trial decision would be upheld if any appeal was filed.

6

## ADDITIONAL INFORMATION

If you have any questions you want to raise concerning the above-captioned civil litigation for the matters dealt within this notice, contact either your own attorney, or Plaintiffs' counsel at the following address: William N. Charouhis, Esq., Law Offices of William N. Charouhis, 201 S. Biscayne Boulevard, 28th Floor, Miami, Florida 33131.

**Do not call the Court.** The Court has not ruled in favor of or against Plaintiffs, the Class or Publix Super Markets on the merits of any of their claims, denials, or defenses in this case. The pleadings and other public records in this litigation, including papers in support of the proposed settlement, may be examined and copied at any time during regular office hours at the office of the Clerk, United States District Court, Southern District Court, Miami Division, 301 N. Miami Avenue, Miami, Florida 33128.

DATED: This 29th day of March, 2005, at Miami, Miami-Dade County, Florida.

*[signature: Lynne Cedeno]*

Clerk of the Court
United States District Court
Southern District of Florida
Miami Division